**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3095
_____

JAMES MOSLEY,
Appellant

v.

STARBUCKS CORP; SALVATORE VILARDI; CIPRIANI WERNER; KEYLA PENA,
Starbucks Manager

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-04000)
District Judge: Honorable Mia R. Perez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2024

Before: JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: May 10, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant James Mosley appeals the District Court's dismissal of his civil action for failure to state a claim. We will affirm the judgment of the District Court.

We write primarily for the parties, so we will recite only the background necessary for our present discussion. In October 2023, Mosley filed a complaint against Appellees Starbucks Corp. ("Starbucks"), a Starbucks store manager, and an attorney and law office who had represented the company in communications with Mosley. DC ECF 2. Mosley's complaint alleged that the parties had compiled a false incident report about him because of his race and sought recovery under both state law and a federal criminal statute, 18 U.S.C. § 1001. Id. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court screened the complaint, dismissed the federal claims with prejudice for failure to state a claim, and declined to exercise supplemental jurisdiction over the state law claims. DC ECF 5. This appeal followed. CA ECF 1.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of an order dismissing a pleading under § 1915(e). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

We agree with the District Court's disposition of this case. Despite Mosley's assertions to the contrary, see CA ECF 7, a review of the record indicates that Mosley's case was properly dismissed pursuant to 28 U.S.C. § 1915. DC ECF 5.

The District Court correctly dismissed Mosley's claim under 18 U.S.C. § 1001, because that statute is criminal and does not contain a private right of action. See Lee v. United States Agency for Int'l Dev., 859 F.3d 74, 78 (D.C. Cir. 2017) (per curiam); AirTrans, Inc. v. Mead, 389 F.3d 594, 597 n.1 (6th Cir. 2004); Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 137-38 (4th Cir. 1987). As Mosley sought to employ this statute to recover as a private citizen, he plainly failed to state a claim.

Nor did Mosley state a claim under 42 U.S.C. §§ 1981 and 1983. While Mosley alleges racial animus motivated appellees' actions, he does not allege that the appellees interfered with a protected right under § 1981, see Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 569 (3d Cir. 2002) (citing Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001)), or that defendants acted under color of law as required by § 1983. Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 174-75 (2023) (quoting 42 U.S.C. § 1983). While the record is not clear as to whether the appellees initiated or participated in any litigation against Mosley based off appellees' incident report, this determination is ultimately irrelevant because private entities do not become state actors simply because they are involved in litigation. See generally Dennis v. Sparks, 449 U.S. 24, 28 (1980).

3

Finally, the District Court exercised sound discretion when it declined to exercise supplemental jurisdiction over Mosley's state claims.[1] DC ECF 5 at 7-8; see Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).

For these reasons, we will affirm the District Court's judgment.[2]

---

[1] Mosley did not invoke diversity jurisdiction, see DC ECF 2 at 3-4, and his allegations show that complete diversity of the parties is lacking.

[2] In these circumstances, we are satisfied that amendment of Mosley's claims would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).